```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VERA RAUBE as Executrix of the ESTATE OF STANLEY RAUBE,<br><br>    Plaintiff,<br><br>v.<br><br>X-L SPECIALIZED TRAILERS, INC., HUTCHENS INDUSTRIES, INC., ABC COMPANY 1-10, and DEF COMPANY 1-10,<br><br>    Defendants. | CIVIL NO. 06-4628(NLH)<br><br>**OPINION** |

**APPEARANCES:**

Mark B. Shoemaker, Esquire
ALBERTSON WARD
36 Euclid Street
P.O. Box 685
Woodbury, NJ 08096

    Attorney for Plaintiff

Heidi G. Villari, Esquire
BODELL, BOVE, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Fl.
30 S. 15th Street
Philadelphia, PA 19102

    Attorney for Defendant X-L Specialized Trailers

**HILLMAN**, District Judge

    This matter comes before the Court on motion of Defendant X-L Specialized Trailers, Inc. ("X-L") to dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a), and, in the alternative, to transfer this action to the United States District Court for

the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a) or § 1406(a). For the reasons expressed below, Defendant's motion will be denied without prejudice.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, the Estate of Stanley Raube, is an estate admitted to probate in the state of New Jersey. Defendant X-L, which is incorporated in and has its principal place of business in Iowa, manufactures and sells a variety of specialized trailers. As alleged in the original Complaint, on or about October 12, 2004, while in the course of his employment with Robins Motor Transportation, Inc. of Eddystone, Pennsylvania, Mr. Raube sustained deadly injuries while assisting a co-worker in adjusting the sliding tandem axle on an X-L model trailer. Plaintiff claims that the death of Stanley Raube was a direct and proximate result of X-L's negligence and carelessness in designing, manufacturing, and inspecting its trailers. Plaintiff seeks damages for any and all losses allowed by law, including those for a survival action and a wrongful death action.

On February 7, 2007, X-L filed the instant motion to dismiss for lack of venue, or to transfer the action to the Eastern District of Pennsylvania. Plaintiff opposed the motion on February 16, 2007 and filed an Amended Complaint on March 27, 2007. In the Amended Complaint, Plaintiff added Defendant Hutchens Industries, Inc. ("Hutchens") to this action. Hutchens,

which is incorporated in and has a principal place of business in Missouri, manufactures and sells sliding tandem axles and other trailer suspension products.  Plaintiff's Amended Complaint claims that Hutchens designed and manufactured the sliding tandem axles used on the X-L trailer involved in the October 12, 2004 incident causing Mr. Raube's death.  Hutchens' time to answer, move or otherwise respond was extended to June 12, 2007 by a Clerk's order.  On June 12, 2007, Hutchens filed a motion for an extension of time to file an answer to the Amended Complaint.  In that motion, Hutchens indicated that it has a substantive objection to the Amended Complaint and is preparing a dispositive motion to dismiss Plaintiff's claims against it.  Plaintiff has opposed the motion for an extension of time to file, which is currently pending before the Magistrate Judge Ann Marie Donio.

## II. ANALYSIS

X-L moves to dismiss or transfer this action for lack of proper venue under 28 U.S.C § 1406(a), or in the alternative, to transfer the action to a more convenient forum under 28 U.S.C. § 1404(a).  Section 1406(a)[1] is applicable when the current venue is improper.  If the current venue is deemed improper, § 1406(a) requires that the case either be dismissed or transferred to a

---

[1]Section 1406(a) provides, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

proper venue.  In contrast, § 1404(a)[2] is only applicable when the present venue is proper.  Under § 1404(a), a court may transfer an action to any other proper venue for the convenience of the parties or in the interest of justice.  Thus, in order to decide Defendant's motion, it must be determined which section applies, and in order to determine which section applies, it must first be determined whether venue is proper in this Court.

### A.   Standard for proper venue

To answer a question regarding venue, the Court must apply 28 U.S.C. § 1391.  Under § 1391(a), when jurisdiction is founded solely on diversity of citizenship, as is the case here, a civil action may only be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(a)(1)-(2).[3]

Here, the parties do not dispute that "a substantial part of

---

[2] Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C.A. § 1404(a).

[3] Section 1391(a) also provides that a diversity action may be brought in a "judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(a)(3).  This subsection is inapplicable to this case.

the events" giving rise to this action occurred in the Eastern District of Pennsylvania, and nothing suggests that a substantial part, or any part, of the events occurred in New Jersey. Thus, based on § 1391(a)(2), the proper venue for this action is the Eastern District of Pennsylvania.

The application of § 1391(a)(1), however, may provide a different answer to the venue question. Under § 1391(a)(1), venue is proper here only if all defendants are deemed residents of New Jersey. Thus, in order to decide venue under § 1391(a)(1), it must be determined whether X-L and Hutchens, both corporations, reside in New Jersey.

### B. Residency of X-L and Hutchens

For venue to be proper in this Court, both X-L and Hutchens must be deemed "residents" of New Jersey. Under 28 U.S.C. § 1391(c), "a corporation shall be deemed to reside in any district in which it is subject to personal jurisdiction at the time the action is commenced." In its motion currently before the Court, X-L argues that it is not a resident of New Jersey. In making this claim, X-L emphasizes that it does not regularly employ residents of New Jersey, it does not own real property in New Jersey, it does not have any registered phone numbers in New Jersey, it does not maintain bank accounts in New Jersey, it has never paid taxes in New Jersey, and it does not advertise via newspaper, radio, television or billboard in New Jersey.

Plaintiff, however, argues that because X-L has sufficient minimum contacts in New Jersey, and it is subject to personal jurisdiction in the district of New Jersey, X-L is a "resident" of New Jersey under § 1391(c). To support this claim, Plaintiff has identified an authorized dealer of X-L trailers located in Sewell, New Jersey. Plaintiff claims that Atlantic Trailer & Equipment Sales, Inc. ("Atlantic Trailer") has been authorized to market and sell X-L trailers for the past two years. Plaintiff has presented a brochure from Atlantic Trailers in support of this claim, but it has not submitted a signed affidavit or any additional supporting evidence to establish that Atlantic Trailer is an authorized X-L trailer dealer. Further, Plaintiff has not explained the import of Atlantic Trailer's alleged status as an X-L trailer dealer.

Based on the parties' current submissions, the Court is unable to resolve this issue of X-L's residency. The arguments made by the parties regarding X-L's residency were not made in the context of § 1391(c), and, thus, are insufficient to permit the Court to make a determination of X-L's residency. Supplemental briefing on the matter of X-L's contacts with the state of New Jersey is needed in order to determine whether X-L can be considered a resident of New Jersey for the purposes of § 1391(c).

Even if X-L's residency under § 1391(c) is clarified,

however, the issue of proper venue still cannot be resolved without also analyzing Defendant Hutchens' residency. Section 1391(a) provides that venue is proper in a district "where all defendants reside." Thus, if Hutchens remains part of the action after Judge Donio decides Hutchens' pending motion for an extension of time to file its answer or otherwise respond to Plaintiff's Complaint, as well as this Court's consideration of any dispositive motion it files, it must also be determined whether Hutchens is a resident of New Jersey under § 1391(c). Correspondingly, until the resolution of whether Hutchens remains in the case, it cannot be determined whether venue is proper in this Court. Consequently, because the Court is unable to undertake a full analysis of the venue issue, X-L's instant motion to dismiss or transfer based on venue is premature at this time.

### III. CONCLUSION

For the reasons expressed above, the Court will deny without prejudice X-L's motion to dismiss. X-L will be afforded the opportunity to re-file its motion subsequent to the determination of Defendant Hutchens' status in this action. Additionally, should Hutchens remain a party to this action, the Court will require supplemental briefs from all parties on the subject of both Defendants' residency under 28 U.S.C. § 1391(c) in order to determine whether New Jersey is a proper venue. X-L's

alternative motion to transfer under 28 U.S.C. § 1404 will also be denied without prejudice.

An appropriate Order will be issued.

                                        s/Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.

Dated: August 13, 2007

At Camden, New Jersey