IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VERA RAUBE as Executrix of
the ESTATE OF STANLEY RAUBE,

       Plaintiff,

v.

X-L SPECIALIZED TRAILERS,
INC., HUTCHENS INDUSTRIES,
INC., ABC COMPANY 1-10, and
DEF COMPANY 1-10,

       Defendants.

CIVIL NO. 06-4628(NLH)

**OPINION**

**APPEARANCES:**

Mark B. Shoemaker
ALBERTSON WARD
36 Euclid Street
P.O. Box 685
Woodbury, NJ 08096
*Attorney for Plaintiff*

Heidi G. Villari
BODELL, BOVE, GRACE & VAN HORN, P.C.
One Penn Square West, 6th Fl.
30 S. 15th Street
Philadelphia, PA 19102
*Attorney for Defendant X-L Specialized Trailers, Inc.*

R. Monica Hennessy
MONTGOMERY MCCRACKEN
Libertyview Bldg., Suite 600
457 Haddonfield Road
Cherry Hill, NJ 08002
 *And*
Christopher S. D'Angelo
MONTGOMERY MCCRACKEN
123 S. Broad Street
Philadelphia, PA 19107
*Admitted Pro Hac Vice*
 *And*

Randall E. Hendricks
Daniel Blegen
1010 Walnut Street, Suite 400
Kansas City, MO 64106
*Admitted Pro Hac Vice*
*Attorneys for Defendant Hutchens Industries, Inc.*

**HILLMAN,** District Judge

This is a wrongful death and survival action brought by the Estate of Stuart Raube against defendants.  Before the Court is defendant Hutchens Industries, Inc.'s ("Hutchens") motion to dismiss.  Hutchens argues that it should be dismissed because plaintiff's amended complaint was filed beyond the applicable statute of limitations.  For reasons explained below, Hutchens' motion is denied.

## I.   JURISDICTION

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity).  Plaintiff is a citizen of New Jersey, and decedent's estate has been admitted to probate in New Jersey.  Defendant X-L Specialized Trailers, Inc. ("X-L") is a corporation organized under the laws of the State of Iowa with a principal place of business in Iowa.  Defendant Hutchens is a corporation organized under the laws of the State of Missouri with a principal place of business in Missouri.  Plaintiff alleges that the amount in controversy exceeds $75,000.00.

## II.   BACKGROUND

On or about October 12, 2004, while in the course of his

employment with Robins Motor Transportation, Inc. of Eddystone, Pennsylvania, Mr. Raube sustained deadly injuries while assisting a co-worker in adjusting the sliding tandem axle on an X-L model trailer.  Plaintiff brought negligence, defective design and failure to warn claims against defendant X-L by complaint filed on September 27, 2006.  On March 27, 2007, plaintiff amended her complaint and substituted defendant Hutchens for one of the fictitious companies named in the original complaint.

## III.  DISCUSSION

Hutchens moves this Court to dismiss plaintiff's claims against it on the ground that plaintiff's claims are barred by the statute of limitations.[1]  Although there is disagreement

---

[1]  Hutchens does not state the rule upon which it relies to move this Court to dismiss plaintiff's amended complaint based on the statute of limitations.  To the extent that it relies on Fed.R.Civ.P. 12(b)(6) and seeks to have it dismissed for failure to state a claim upon which relief can be granted, the statute of limitations is an affirmative defense and normally "... an affirmative defense may not be used to dismiss a plaintiff's complaint under Rule 12(b)(6)."  See In re Adams Golf, Inc. Securities Litigation, 381 F.3d 267, 277 (3d Cir. 2004) (citing Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003) ("[L]itigants need not try to plead around defenses.")).  However, an exception to this rule occurs when a determination can be made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." The County of Hudson v. Janiszewski, 520 F.Supp.2d 631, 649 (D.N.J. 2007) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994).  The instant motion falls under the exception because the amended complaint was filed beyond the two year limitations period and Hutchens has clearly raised the affirmative defense.

between the parties as to whether Pennsylvania law or New Jersey law should apply, both states apply a two year limitations period for personal injury claims. See 42 Pa.C.S.A. §5524; N.J.S.A. 2A:14-2.  Plaintiff timely filed her complaint within two years after the accident, but her amended complaint substituting Hutchens as a defendant was filed approximately two years and six months after the accident.

As recognized by Hutchens, plaintiff could still file her amended complaint beyond the limitations period if the amended complaint "relates back" to the original complaint. Fed.R.Civ.P. 15(c) permits an amended complaint filed beyond the statute of limitations to "relate back" to the filing of the original complaint in three instances:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).[2]

Since the rule is written in the disjunctive, we start with Rule 15(c)(1)(A).  As explained by the 1991 Advisory Committee Notes, Rule 15(c)(1)(A) was implemented to "make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law."  Here, there is an issue concerning the "applicable limitations law" because the parties disagree over what law applies.

**A.  Choice of Law**

As a District Court in New Jersey exercising diversity jurisdiction, we apply New Jersey's choice of law rules. See Aetna Sur. and Cas. Co. v. Sacchetti, 956 F.Supp. 1163, 1168 (D.N.J. 1996).  New Jersey applies the "governmental-interests analysis" to determine which state's laws apply.  See P.V. v. Camp Jaycee, 922 A.2d 761, 763 (N.J.Super.Ct. App.Div. 2007) (citing Rowe v. Hoffman-La Roche, Inc., 917 A.2d 767 (N.J. 2007)).  First, it must be determined whether an "actual conflict" exists.  Id. (other citations omitted).  If an actual conflict exists, then the Court must determine the interest each state has in the dispute and "apply the law of 'the state with the greatest interest in governing the issue.'"  Id. (other

---

[2] The pending motions were filed prior to the amendment of Rule 15, which was effective December 1, 2007.  We apply the rule now in effect because, per the Advisory Committee Notes, the "changes are intended to be stylistic only."

citations omitted).

The plaintiff is a resident of New Jersey and Mr. Raube's estate was probated in New Jersey.  Mr. Raube worked for a Pennsylvania company and the accident occurred in Pennsylvania.[3] The defendants are residents of Iowa and Missouri.  The parties agree that New Jersey and Pennsylvania have interests greater than either Iowa or Missouri in this matter.

Applying the first step, we find there is no conflict regarding the time period for the statute of limitations because both Pennsylvania and New Jersey apply a two year limitations period for personal injury claims brought as wrongful death or survival actions.  See 42 Pa.C.S.A. §5524; N.J.S.A. 2A:14-2. There is, however, a conflict regarding the tolling period of the statute of limitations.

New Jersey permits the statute of limitations to be tolled if the plaintiff invokes the New Jersey fictitious party rule before expiration of the limitations period.  DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4) (reversing district court and allowing plaintiff to amend his complaint to substitute a new defendant with a John Doe defendant after the expiration of the statute of limitations).  New Jersey Civil Procedure Rule 4:26-4

---

[3]  The employer is not a defendant due to applicable workers' compensation statutes.

permits a plaintiff to amend his complaint to identify the proper party, including successors-in-interest, as long as a John Doe fictitious designation was included for that specific category of defendant.  See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 747 A.2d 255, 261 n.1 (N.J. 2000) and discussing N.J. R. 4:26-4) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified potential defendants who may have contributed to plaintiff's injuries.").  The Rule provides,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained.  If, however, defendant acknowledges his or her true name by written appearance or orally in open court, the complaint may be amended without notice and affidavit. No final judgment shall be entered against a person designated by a fictitious name.

> N.J. Civ. Pro. R. 4:26-4.

The New Jersey Supreme Court has stated that in "construing the Rule 4:26-4, we recognized that an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint, thereby permitting the

plaintiff to maintain an action that, but for the fictitious-party practice, would be time-barred." Viviani v. CBS, Inc., 503 A.2d 296, 301 (N.J. 1986) (citing Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 120-23, 299 A.2d 394 (1973)).

Conversely, Pennsylvania does not have a "fictitious party" rule. The law in Pennsylvania "... in the civil context is that the substitution of a named party for a fictitious party, such as 'John Doe,' is an addition of a new party, and is generally not permitted after the statute of limitations has run." Com. v. Laventure, 894 A.2d 109, 117 n. 9 (Pa. 2006) (citing Anderson Equipment Co. v. Huchber, 690 A.2d 1239, 1241-42 (Pa.Super. 1997); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996) (quoting "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change of parties, not a mere substitution of parties."); Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) (quoting "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent the statute of limitations, because replacing a 'John Doe' defendant with a named party in effect constitutes a change in the party sued."); Talbert v. Kelly, 799 F.2d 62, 66 n. 1 (3d Cir. 1986) (same)). An exception to this rule is "... where a party is prevented, through fraud or concealment, from discovering the identity of a proper party defendant, that party is estopped from invoking the statute of limitations as a defense." Layton v. Blue Giant

8

Equipment Co. of Canada, 105 F.R.D. 83, 86 (E.D.Pa. 1985) (citing Nesbitt v. Erie Coach Company, 204 A.2d 473 (Pa. 1964); Huber v. McElwee-Courbis, 392 F.Supp. 1379 (E.D.Pa. 1975)).

The Court finds that a true conflict exists between Pennsylvania law and New Jersey law.  Therefore, we must identify the policies underlying each state's law and determine whether the contacts of the state align with its policy.  See Rowe v. Hoffman-La Roche, Inc., 917 A.2d 767, 772 (N.J. 2007) (citations omitted).  If the interest of a state aligns with its policy, then that state generally will be found to have the greatest interest in governing the issue.  See id.  "[F]or example, if a particular policy is designed to enhance a specific group and that group is neither a party to nor potentially affected by the litigation, then that state's interest is not aligned with its policy and it would be unlikely that that state would have the strongest governmental interest in deciding the issue."  Id. (citing White v. Smith, 398 F.Supp. 130, 134 (D.N.J. 1975) (quoting "If a strong state policy or interest will be neither fostered by applying that state's law, nor frustrated by the failure to apply it, it is highly unlikely that that state has any interest whatsoever in blanketing that particular issue with its law.").

Hutchens argues that Pennsylvania's interest is paramount because the accident occurred in Pennsylvania and because the

deceased was injured while employed by a Pennsylvania company and the decedent purposefully traveled to Pennsylvania on the day of the accident.  Plaintiff disagrees and argues that New Jersey has a greater interest in protecting its residents and it is also the state where the decedent's estate was probated.

In tort cases, New Jersey courts have "... rejected the traditional rule of *lex loci delicti*, pursuant to which the local law of the place where the wrong occurred governed all substantive issues."  <u>Fu v. Fu</u>, 733 A.2d 1133, 1136 (N.J. 1999). However, in applying New Jersey's "governmental-interest" approach, the court commented that "[i]n personal injury cases, 'the place where the injury occurred is a contact that, as to most issues, plays an important role in the selection of the state of the applicable law.'"  <u>Id.</u> at 1142.  The court explained that "a state has an obvious interest in regulating the conduct of persons within its territory and in providing redress for injuries that occurred there" but that "[t]he place of injury becomes less important where it is simply fortuitous."  <u>Id.</u>

Here, the place of injury was not fortuitous.  Decedent traveled to Pennsylvania.  He elected to work for a Pennsylvania company.  The only contact with New Jersey is that plaintiff resides there and the estate was probated in New Jersey. Therefore, we must decide whether New Jersey's policy of providing redress for its citizens overrides Pennsylvania's

interest in regulating conduct of persons within its territory.
See id.  Allowing plaintiff to substitute Hutchens for a
fictitious company named in its original complaint comports with
New Jersey's policy of providing redress for its citizens.
Prohibiting plaintiff from adding Hutchens as a defendant would
not necessarily advance Pennsylvania's interest in regulating
conduct within its borders (assuming that all potential
responsible parties should be included in the litigation).  The
purpose behind Pennsylvania's no substitution rule is to force
plaintiff to exercise diligence in investigating her claim before
filing the complaint, to provide defendants with proper notice as
to cases filed in Pennsylvania, and to prevent stale claims
against defendants doing business in Pennsylvania.[4]  Here, none
of the defendants reside in Pennsylvania, the case is not pending
in its courts, and whatever interest Pennsylvania has in
preventing stale claims arising from accidents occurring within
its borders is largely vindicated by the due diligence
requirement of New Jersey's "fictitious party rule."  Thus, New
Jersey's interest in allowing redress to its citizenry who may
have been harmed fatally by the conduct of others outweighs any
interest Pennsylvania may have.

---

[4] Although Pennsylvania does not generally permit a
plaintiff to substitute a defendant for a fictitiously named
party, Pennsylvania permits a plaintiff to file by summons in
order to file within the statute of limitations period and then
later file a complaint. See Pa.R.C.P. 1007.

11

**B.  Application of Rule 15(c)**

Having determined that New Jersey law applies to plaintiff's claims, we assess whether Rule 15(c) permits plaintiff's amended complaint to relate back to the original complaint.  Federal Civil Procedure Rule 15 provides that the Court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities.  Dole v. Arco Chemical Co., 921 F.2d 484, 487 (3d Cir. 1990); Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

As stated above, there are three instances under Rule 15(c) when an amended pleading can relate back.  See Rule 15(c)(1)(A), (B) or (C).[5]  Even if the amendment is permitted to relate back,

---

[5]  Here, the parties have only presented argument regarding New Jersey's "fictitious party rule" and, therefore appear to agree that Rule 15(c)(1)(A) governs this case.  We agree with that assumption.  Rule 15(c)(1)(B) does not appear to apply because it addresses the standard for the addition of claims, not parties, which is not the issue now before the court.  Rule 15(c)(1)(C) also does not appear to apply because plaintiff is not seeking to change the name of a defendant due to mistake in identity (i.e., sued the wrong party) and there is no evidence that Hutchens received notice of the action within the limited

under any of the Rule 15(c) subsections, the Court should consider whether the amendment should be permitted under Rule 15(a)(2)--that is, whether the amendment was caused by undue delay, bad faith, or dilatory motive, or if it will cause unfair prejudice to Hutchens, or if the amendment would be futile.

Pursuant to Rule 15(c)(1)(A), the New Jersey law that allows an amended complaint filed beyond the statute of limitations period to relate back is New Jersey's fictitious party rule. As stated above, New Jersey Civil Procedure Rule 4:26-4 permits a plaintiff to amend her complaint to identify the proper party, including successors-in-interest, as long as a fictitious designation was included for that specific category of defendant. See Yarchak, 208 F.Supp.2d at 489.

Under Rule 4:26-4, "... a plaintiff must (1) demonstrate that he did not know the true identity of the proposed defendants at the time the complaint was filed; (2) exercise due diligence to ascertain the proposed defendant's true name *before* and *after* filing the complaint; (3) appropriately describe the defendant in the fictitious name designation; and (4) ensure that the proposed defendant would not be prejudiced by the delay." Monaco v. City of Camden, No. 04-2406, 2007 WL 2139420, at *5 (D.N.J. July 23,

time period contemplated by the rule. See Fed.R.Civ.P. 15(c)(1)(C)(new party must receive notice of the action "within the period provided by Rule 4(m) for serving the [original] summons and complaint").

13

2007) (citing DeRienzo v. Harvard Indus., Inc., 357 F.3d 348, 353 (3d Cir. 2004); Marion v. Borough of Manasquan, 231 N.J.Super. 320, 334 (App.Div. 1989)).

Here, plaintiff has shown that she did not know the true identity of Hutchens at the time she filed her complaint. Plaintiff states that shortly after the accident occurred, she submitted a Freedom of Information Act ("FOIA") request to the Department of Labor for a copy of the file concerning the OSHA investigation of the accident.  OSHA sent a redacted portion of their file in March 2005.  Plaintiff states that the redacted OSHA file identified X-L but did not identify Hutchens. Plaintiff then states she submitted a timely appeal to the Department of Labor for the complete file.  The appeal of the FOIA request was denied in September 2005.  Plaintiff states that she waited until she received the decision of the FOIA appeal before filing her complaint.

Plaintiff's counsel also certifies that photographs taken by his office during their investigation prior to filing the complaint as well as the photographs taken during the investigation by the Eddystone Police Department and during the investigation of OSHA do not provide information that would have lead plaintiff to name Hutchens as a defendant.[6]  A review of the

_____

[6] Plaintiff's attorney certification and copies of photographs were filed with plaintiff's sur-reply.  We note that

photographs shows that the words "X-L Specialized Trailers, Inc."
and "X-L 70 FDE" appears in bold, highly stylized lettering on
the body of the trailer.  While the photographs plainly identify
X-L, they do not identify Hutchens.  Hutchens argues that in the
investigative photographs there is a blurry picture of a warning
label and that plaintiff should have exercised due diligence in
ascertaining whose name was on the warning label.  Particularly,
Hutchens argues that the warning label is similar in shape and
design to the warning label that is found on their website.

Although a blurry photograph exists of the warning label,
there is nothing to put plaintiff on notice from that photograph
or the investigation that a manufacturer's name appeared on the
label, or even if a manufacturer's name is assumed to be on the
warning label, that the name would have been something other than
"X-L Specialized Trailers, Inc." which appears on the truck
itself.  See Claypotch v. Heller, Inc., 823 A.2d 844, 849
(N.J.Super.A.D. 2003)(finding that punch press machine that
clearly displayed the name "Heller" did not put plaintiff on
notice that the words "FICEP S.p.A." which appeared on a metal

---

plaintiff's attorney did not comply with Local Rule 7.1(d)(6)
requiring permission of the Judge in order to file a sur-reply.
Although it is within the Court's discretion to disregard
impermissibly filed sur-replies, see, e.g., Smith v. Radwell
Int'l, No. 06-05682, 2007 WL 1814077, at *2 n.5 (D.N.J. June 20,
2007), we allow it in this instance because plaintiff is
attempting to address arguments raised in defendant's reply and,
it contains certified evidence as to plaintiff's due diligence.

plate on the side of the machine was the actual manufacturer of
the machine).  Also, even if the warning label in the photograph
matches Hutchens' warning label on its website, Hutchens has not
explained how plaintiff could have obtained that information
before filing her complaint.

These facts show that after exercising due diligence,
plaintiff was unable to ascertain the identity of Hutchens before
filing the complaint.  The facts also support plaintiff's claim
that she exercised due diligence after she filed her complaint.
See id. (in deciding whether plaintiff may avail herself of the
fictitious party rule, court must determine if plaintiff
exercised due diligence in ascertaining defendant's true name
prior to and after filing the complaint) (citing Mears v. Sandoz
Pharms., Inc., 693 A.2d 558 (N.J.Super.App.Div. 1997) (other
citation omitted).

After the complaint was served on X-L, X-L filed a motion to
dismiss or alternatively to transfer venue which was subsequently
denied without prejudice.[7]  While that motion was pending,
plaintiff sought informal discovery from X-L regarding the
manufacturer of the sliding tandem axle.  It was not until March
27, 2007, that plaintiff's counsel received a letter from X-L

---

[7]   X-L's motion was denied without prejudice pending a
determination of whether Hutchens remains a defendant.
See section III.C infra.

16

stating that the manufacturer of the axle was Hutchens.  That very day, plaintiff filed her amended complaint to substitute Hutchens for the named fictitious party, approximately six months after the original complaint was filed.[8]

Plaintiff also appropriately described Hutchens in her fictitious name designation.  In Count IV of her original complaint, plaintiff describes the fictitious defendant as a company engaged in the design, manufacture and/or assembly of sliding tandem axles; that the fictitious company designed, manufactured and/or assembled the sliding tandem axles used on X-L Specialized Trailers Inc.'s model XL 70 FDE involved in the accident on October 12, 2004; and that the fictitious company was liable for defective design and failure to warn.

As for the final factor, prejudice to the substituted defendant, Hutchens argues that it will be prejudiced if it is substituted as a defendant because the trailer allegedly involved in Mr. Raube's death was not preserved.  Hutchens states that the X-L trailer has since been repaired and placed back into service.

---

[8] In Federal court, a plaintiff may amend her complaint as a matter of course before a responsive pleading is filed.  See Fed.R.Civ.P. 15(a).  A motion to dismiss is not considered a responsive pleading and, therefore, plaintiff was not required to file a motion for leave to amend her complaint.  See Centifanti v. Nix, 865 F.2d 1422, 1431 n. 9 (3d Cir. 1989) (stating that "... neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a).").

Hutchens argues that since it never had an opportunity to inspect the trailer, it cannot confirm whether its product was involved in the accident.

Plaintiff argues that the accident was investigated by OSHA who recorded details concerning the trailer, including a number of photographs, which were provided to defense counsel.  The Eddystone Police department also conducted an investigation and took photographs.  The investigative photographs have all been made available.  Plaintiff also states that, to her knowledge, defendant X-L did not conduct an inspection of the trailer, despite having been served with a complaint in October 2006. Also, plaintiff states that the trailer has not been destroyed and is presumably available should Hutchens desire to inspect it. Finally, plaintiff argues that no inspection is necessary for Hutchens to defend against her theory of liability which is that Hutchens' sliding tandem axle was defective in its design and that Hutchens failed to post adequate warnings that no one should go underneath the trailer while the axles were being adjusted.

We find that Hutchens will not be prejudiced by the delay in substituting it for the fictitiously named defendant.  All the investigative reports and photographs are available.  Although the X-L trailer has been repaired and put back into service, plaintiff represents to the Court that it was repaired before she had an opportunity to inspect the trailer so that no party has a

presumed advantage over the other.  As for Hutchens' concerns over product identification, the alleged matching of the warning label from the blurry photograph with the warning label available on its website suggests that product identification is possible. In addition, there is no evidence that the amended complaint was caused by undue delay, bad faith or dilatory motive, or that the amendment is futile.  <u>See</u> 15(a)(2).

Thus, plaintiff's amended complaint will be permitted to relate back to the original complaint and Hutchens is substituted for the fictitiously named defendant.

**C.  Venue**

Finally, we note that by Order and Opinion of this Court entered on August 13, 2007, X-L's motion to dismiss or transfer venue was denied without prejudice pending a determination of whether Hutchens remains a defendant.  In that Opinion, it was stated that venue is proper in this Court under 28 U.S.C. § 1391(a)(1) only if all defendants are deemed residents of New Jersey.[9]  Finding that Hutchens is a defendant, defendant can file or refile its motion to dismiss or transfer venue on the issue of whether both defendants are residents of New Jersey. <u>See</u> 1391(c) (finding that a corporation is a resident in any

---

[9]  It was determined that venue under § 1391(a)(2) was not proper in New Jersey since "a substantial part of the events" giving rise to the action occurred in Pennsylvania.

19

jurisdiction where it is subject to personal jurisdiction).

## IV.  <u>CONCLUSION</u>

Applying New Jersey's "governmental interest analysis" to the choice of law issue, the Court find that New Jersey law applies in this case.  Accordingly, under Fed.R.Civ.P. 15(c)(1)(A), we follow New Jersey's "fictitious party rule," Rule 4:26-4, and permit plaintiff's amended complaint filed beyond the statute of limitations period to relate back to the original complaint and allow plaintiff to substitute Hutchens for the fictitiously named defendant.

Hutchens' motion to dismiss is denied.  An Order consistent with this Opinion will be entered.


<u>  s/Noel L. Hillman  </u>
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: April 10, 2008

20